**Preston ROBY, Plaintiff-Appellee,**

v.

**DEERE & CO., Defendant-Appellant.**

**No. 2–65660.**

Court of Appeals of Iowa.

Feb. 24, 1982.

---

John W. Rathert of Beecher, Beecher, Holmes & Rathert, Waterloo, for defendant-appellant.

Robert D. Fulton of Fulton, Frerichs, Nutting, Martin & Andres, Waterloo, for plaintiff-appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

DONIELSON, Judge.

Defendant corporation appeals from an adverse judgment awarding plaintiff, an ex-employee, disability benefits pursuant to a collective bargaining agreement (CBA). We affirm.

## I.

Plaintiff was employed by defendant from September 1972 until June 24, 1976, when he was terminated allegedly due to excessive tardiness and absenteeism. While employed plaintiff was a member of Local 838 of the United Auto Worker's Union, the bargaining agent of unit employees of defendant corporation. The CBA between defendant and the union provided for grievance and arbitration procedures. The union filed a grievance objecting to plaintiff's firing. Plaintiff received adverse rulings through the first three steps of the grievance procedure, and the claim was withdrawn on December 21, 1976, prior to arbitration. No further grievance proceedings were pursued.

In the spring of 1977, plaintiff applied for Social Security benefits, and was referred to a psychiatrist, Dr. Phillip Hastings. Subsequent testing and examination by Dr. Hastings established that plaintiff was totally and permanently disabled due to organic brain damage, apparently stemming from a blow to the head plaintiff received on the job in June 1974. Dr. Hastings further concluded that this brain damage caused plaintiff disorientation of time, space, and responsibility; that this had caused his prior employment problems; and that plaintiff had such disability at the time of his firing.

After being informed of his disability, plaintiff applied to the union for reinstatement as an employee and for benefits. The union informed plaintiff that he could not be reinstated as an employee because the time limits on his grievance had lapsed and that they could not represent him because he was no longer an employee. The union referred plaintiff to an attorney.

On August 16, 1977, plaintiff's attorney wrote a letter requesting benefits to Mr. Zippay, defendant's administrator of industrial relations. Mr. Zippay's response stated that plaintiff was not entitled to benefits because he was no longer an employee. On September 23, 1976, plaintiff's attorney requested plaintiff's medical records from Mr. Zippay and received a reply letter from defendant's attorney suggesting the matter should be discussed between counsel. On November 3, 1977, plaintiff's attorney supplied defendant's attorney with documentary evidence establishing plaintiff's disability and requested a response to the disability claim. Defendant's only response was again that plaintiff's claim was denied because he was no longer an employee and that the defendant's industrial relations department had referred the matter to their counsel for disposition.

On January 26, 1978, plaintiff filed the instant petition in district court seeking recovery of disability benefits. Defendant filed a special appearance asserting that the court lacked jurisdiction because plaintiff had failed to exhaust the grievance procedures of the CBA and plaintiff failed to plead and prove breach of his union's duty of fair representation.[1] The special appearance was overruled.

Defendant then filed an answer raising the defenses of plaintiff's failure to exhaust the grievance remedies. Plaintiff filed a reply alleging he was no longer an employee of defendant, and that he had no standing to refile his grievance or reopen his grievance under the CBA. Plaintiff also raised the defense of waiver and estoppel due to defendant's referral of the matter to its attorney rather than to the grievance procedure.

On June 1, 1979, the day of trial, defendant amended its answer and for the first time raised plaintiff's failure to exhaust his intra-union remedies as a defense and restated as a defense plaintiff's failure to allege that the union had breached its duty of fair representation.

On August 18, 1980, the trial court filed its findings, conclusions, judgment, and decree requiring defendant to pay plaintiff accrued benefits to date and future benefits in accordance with the CBA. Defendant then instituted this appeal.

## II.

■ Defendant first correctly states the principle that although a state court has concurrent jurisdiction with the federal district court to entertain suits under section 301(a) of the Labor Management Relations (Taft-Hartley) Act, 29 U.S.C. § 185(a) (1976) for violation of a collective bargaining agreement between an employer and a labor organization, the state court must apply federal substantive law. *Local Lodge No. 1426 v. Wilson Trailer Company*, 289 N.W.2d 608, 610 (Iowa 1980).

Defendant then makes the following allegations of error: (1) that plaintiff's failure to exhaust the remedial provisions of the CBA, failure to exhaust his union grievance remedies, and failure to allege and prove breach of his union's duty of fair representation constitutes a defense to plaintiff's action; (2) that plaintiff's lack of knowledge of these remedial grievance procedures or of his actual physical and mental condition does not constitute an exception to the requirement of exhaustion of grievance procedure remedies even in the case of newly discovered evidence; and (3) that the trial court erred in concluding defendant waived or was estopped from asserting as a defense plaintiff's failure to utilize the collective bargaining benefit appeal procedures. In summary, all of these allegations of error are based upon the theory that in order to maintain a section 301(a) action in court against his employer, the plaintiff must first exhaust his contractual and intra-union remedies. While this is the general rule as specified in *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), and its progeny, we find it does not apply to this case.

---

1. The special appearance only alleged that plaintiff had failed to protest his discharge grievance through to arbitration, it did not assert that plaintiff failed to exhaust his remedies with respect to disability benefits under the CBA until the date of trial.

The trial court found that the exhaustion requirement did not apply because plaintiff was no longer an employee under the rationale of *Allied Chemical and Alkali Workers v. Pittsburg Plate Glass Company,* 404 U.S. 157, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971). We do not base our decision on this rationale or upon the trial court's finding that defendant was estopped from raising the issue of intra-union remedies. We base our decision upon the recent case of *Clayton v. International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, et al.,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981).

Before going further we note, as did the trial court, that this case involves two separate grievance procedures. The first concerns plaintiff's original dismissal and his attempt at reinstatement, which was not pursued to arbitration by the union or the plaintiff as required by the CBA. If plaintiff were seeking further action on this grievance, his failure to exhaust CBA procedures would be fatal. However, plaintiff's district court action was not an attempt to seek reinstatement. Therefore, defendant's allegations of error numbers (1) and (2) stated above are not applicable. These allegations of error can only be properly directed at the first grievance and seem to be an attempt to claim that plaintiff's request for disability benefits is a continuation of the first grievance, a position we reject. Thus, only the issue of exhaustion of intra-union remedies, as they apply to benefits, remains.

In his attempt to obtain disability benefits, plaintiff first approached the union and was told that since he was no longer an employee he could not be represented by the union. The union then referred him to an attorney. Plaintiff's attorney then attempted to get disability benefits from the defendant. Plaintiff's attorney was told that plaintiff was not eligible for benefits and was referred to defendant's attorney. Now the defendant argues that plaintiff has never applied for benefits, but could still apply for benefits, as well as arguing that the suit should be barred because plaintiff failed to exhaust his intra-union remedies by not attempting to force the union to represent him.

The record is clear that plaintiff did in fact apply for benefits and that under the holding of *Clayton,* plaintiff was not required to exhaust his internal union remedies because these remedies could not result in either the reactivation of his employment (because plaintiff was neither seeking nor eligible for this result) or an award of the complete relief sought by plaintiff, i.e. disability benefits. Requiring exhaustion in this case would only delay judicial consideration of the plaintiff's claim for relief. We, therefore, affirm the trial court's award of benefits to plaintiff.

AFFIRMED.